FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

2015 NOV 18  AM 10: 47

CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____

OCWEN LOAN SERVICING LLC,
           Plaintiff,

-vs-                                                                Case No. A-15-CA-244-SS

WALTER LANE, JR.; BONNI GRAHAM
GONZALEZ; THE UNKNOWN HEIRS AT LAW
OF THOMAS WILLIAM GRAHAM,
DECEASED; and THE UNKNOWN HEIRS AT
LAW OF DOLORES M. GRAHAM, DECEASED,
           Defendants.

## ORDER

BE IT REMEMBERED on the 15th day of October 2015, the Court held a hearing in the above-styled cause, and the parties appeared by and through counsel. Before the Court is Plaintiff Ocwen Loan Servicing, LLC's Motion for Appointment of Attorney Ad Litem [#18] and Plaintiff's supplemental letter brief [#23]. Having reviewed the documents, the governing law, and the file as a whole, the Court now enters the following:

In 2009, Thomas William Graham and Dolores M. Graham executed a note and deed of trust in favor of Amerigroup Mortgage Corporation, the original lender on a loan secured by the Grahams' home in Williamson County (the Property). Thomas William Graham died in May 2013, and Dolores Graham died in July 2014. According to Plaintiff, which presently services the Grahams' loan, the Grahams died intestate, no probate was opened for either of them, and their note is now in default, due for the April 2014 payment and all subsequent payments. Plaintiff asks this Court for a declaration Plaintiff has a statutory probate lien against the Property and an order permitting non-



judicial foreclosure; alternatively, Plaintiff seeks a judgment for judicial foreclosure. Plaintiff also raises a claim for trespass to try title and asks for a writ of possession in the event someone occupies the Property.

Plaintiff's presently operative pleading sued four defendants: Walter Lane, Jr.; Bonni Graham Gonzalez; the Unknown Heirs at Law of Thomas William Graham, Deceased, and the Unknown Heirs at Law of Dolores M. Graham, Deceased. *See* First Am. Compl. [#8] at 1. Lane and Gonzales were served with process but failed to answer or otherwise respond, and the Clerk of Court entered default against them on September 30, 2015. *See* Clerk's Entry of Default [#17]. Plaintiff served the Unknown Heirs by publication, with weekly service beginning on April 8, 2015, and ending on April 29, 2015. *See* Summons [#5] at 3–4. No unknown heir of either of the deceased has filed an answer or otherwise responded to the complaint.

Plaintiff filed its "Motion for Appointment of Attorney Ad Litem" on October 1, 2015. *See* Mot. Ad Litem [#18]. The motion recounts the procedural history of the case and asks the Court to "appoint an attorney ad litem to attempt to locate and, if needed, to represent the Unknown Heirs[.]" *Id.* at 2. Plaintiff asserts it is entitled to appointment of an attorney ad litem because (1) the Federal Rules of Civil Procedure permit service by "following state law . . . in the state where the district court is located," FED. R. CIV. P. 4(e)(1); (2) the Texas Rules of Civil Procedure permit service by publication in an action against unknown heirs, *see* TEX. R. CIV. P. 111; and (3) the Texas Rules of Civil Procedure provide that "[w]here service has been made by publication, and no answer has been filed nor appearance entered within the prescribed time, the court shall appoint an attorney to defend the suit in behalf of the defendant," TEX. R. CIV. P. 244.

While service may be effected according to state law, providing procedural protection for a litigant properly served who did not appear goes beyond effectuating service, and it is not at all clear to the Court that Federal Rule 4(e)(1) authorizes the appointment, at the expense of the United States government, of an attorney ad litem to represent unknown heirs to the deceased owners of property. Further, Plaintiff has cited no federal authority sanctioning the appointment of an attorney ad litem under such circumstances. Plaintiff directs the Court to *Gulf Crossing Pipeline Co. LLC v. A Called 25 Acre Tract of Land*, No. 4:13-cv-594, 2013 U.S. Dist. LEXIS 182424 (E.D. Tex. Dec. 13, 2013), but *Gulf Crossing* states only that "Garland Cardwell, Attorney ad litem, appeared on behalf of all Defendants cited by publication who did not answer or appear in this case"; there is no indication or discussion of whether that attorney ad litem was appointed by the court pursuant to the Federal or Texas Rules. *See id.* at *2. Plaintiff's citation to *Booth v. Martinez*, Civil Action No. SA-07-CV-15-XR, 2007 WL 2086659 (W.D. Tex. July 18, 2007), is equally unhelpful; the *Booth* court conducted no analysis of the question whether appointment of an ad litem by a federal court pursuant to Texas Rule 244 is required or permitted by Federal Rule 4(e)(1), merely remarking that non-appearing defendants "served by publication or other substituted service [are] entitled to a wide array of procedural protections under Texas law." *Id.* at *1.

Additionally, it appears Plaintiff has failed to satisfy the requirements of Texas Rule 111, which governs service by publication against unknown heirs to property. The rule requires "the plaintiff, his agent, or attorney" to "make oath that the names of the heirs . . . are unknown to the affiant" before a citation for service by publication may issue. TEX. R. CIV. P. 111. There is no evidence in the record Plaintiff, its agent, or its attorney made any such affidavit prior to requesting summons.

There is, however, a far more serious and ultimately dispositive problem with this lawsuit: while federal courts may "entertain suits in favor of creditors . . . and other claimants against a decedent's estate to establish their claims," federal courts have no jurisdiction to administer an estate. *See, e.g., Markham v. Allen*, 326 U.S. 490, 494 (1946); *Breaux v. Dilsaver*, 254 F.3d 533, 536 (5th Cir. 2001). While Plaintiff contends "it does not ask the Court to create or oversee the administration of an estate for either Thomas William Graham or Dolores M. Graham," Letter Brief [#23] at 1, Plaintiff has thus far asked the Court to (1) authorize appointment of an ad litem to determine whether two intestate decedents have any heirs and (2) make a legal declaration Plaintiff holds a probate lien on an estate asset pursuant to the Texas Estates Code. The other relief Plaintiff seeks is derivative of its alleged right to a probate lien under Texas law. Plaintiff wants what is in essence an administration of the Grahams' estates—a purely probate function outside this Court's jurisdiction. As no probate has been opened for either decedent, Plaintiff's remedies are in probate court, where it may apply for an open administration of the decedents' estates or seek an heirship determination ascertaining legal inheritance of the Property.[1]

Because the Court lacks subject matter jurisdiction over Plaintiff's claims under the probate exception, Plaintiff's claims are subject to dismissal. As such, the Clerk of Court's entry of default against Defendants Bonni Graham Gonzalez and Walter Lane, Jr., is vacated, and Plaintiff's motion for appointment of attorney ad litem is denied as moot.

---

[1] Texas probate judges have statutory authority to "appoint an attorney ad litem in any probate proceeding to represent the interests of any person," including "an unknown heir" or "a missing heir." TEX. ESTATES CODE § 53.104(a); *see also* TEX. ESTATES CODE § 202.009(a) ("The court shall appoint an attorney ad litem in a proceeding to declare heirship to represent the interests of heirs whose names or locations are unknown."). Attorneys ad litem are entitled to reasonable compensation for their services, in an amount set by the probate court, to be taxed as costs and paid out of the decedent's estate or by any party at any time during the proceeding. TEX. ESTATES CODE § 53.104(b).

Accordingly:

IT IS ORDERED that the Clerk's Entry of Default [#17] against Defendants Bonni Graham Gonzalez and Walter Lane, Jr. is VACATED;

IT IS FURTHER ORDERED that Plaintiff's claims in the above-styled and numbered cause are DISMISSED WITHOUT PREJUDICE; and

IT IS FINALLY ORDERED that Plaintiff Ocwen Loan Servicing LLC's Motion for Appointment of Attorney Ad Litem [#18] is DENIED AS MOOT.

SIGNED this the 18th day of November 2015.

/s/ Sam Sparks
SAM SPARKS
UNITED STATES DISTRICT JUDGE